Pokharel v. Sessions

BIA
Straus, IJ
A205 646 800

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

LAL CHANDRA POKHAREL,
> *Petitioner,*

v.                                                        16-735
                                                          NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lal Chandra Pokharel, a native and citizen of Nepal, seeks review of a February 19, 2016, decision of the BIA affirming September 16, 2014, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lal Chandra Pokharel,* No. A205 646 800 (B.I.A. Feb. 19, 2016), *aff'g* No. A205 646 800 (Immig. Ct. Hartford Sept. 16, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum, withholding of removal, and CAT relief, "[t]he testimony of [an] applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's

2

testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also* 8 U.S.C. § 1231(b)(3)(C); 8 C.F.R. § 1208.16(c)(2). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). We find no error in the agency's conclusions that Pokharel failed to satisfy his burden of proof for asylum, withholding of removal, and CAT relief as to his claims that Maoists beat him on account of his membership in the Nepali Congress Party, and threatened him if he did not pay them extortion money.

## I.   Asylum and Withholding of Removal

To establish eligibility, an asylum applicant must show that he or she has suffered past persecution, or has a well-founded fear of future persecution, "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42).

<u>Past Persecution</u>

"[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005))). A valid claim of past persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). "'[T]he difference between harassment and persecution is necessarily one of degree,' . . . the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341). "The [agency] must, therefore, be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.*

The agency did not err in concluding that Pokharel failed to establish that a 2004 incident when Maoists beat him rose

4

to the level of persecution.  He provided few details in his testimony about the beating and resulting injuries.  And he failed to submit evidence from the center that treated him so as to provide a more detailed description of his injuries. Therefore, while this incident was reprehensible, the agency did not err in finding that Pokharel failed to satisfy his burden of establishing that the harm he suffered rose to the level of persecution.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Beskovic*, 467 F.3d at 226; *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011).

Well-Founded Fear of Future Persecution

Absent past persecution, Pokharel had the burden of demonstrating a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b).  In order to establish a well-founded fear of future persecution, an applicant must show either a reasonable possibility that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to him.  8 C.F.R. § 1208.13(b)(2)(iii).

5

The agency did not err in finding that Pokharel failed to establish a well-founded fear of being singled out for persecution on account of his political opinion. His testimony that he feared returning to his home village based on threats and a false accusation by Maoists in 2008 was not sufficiently credible or persuasive as he failed to provide any details about the incident and his evidence was inconsistent with regard to whether his wife ever returned to their village after 2008. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Furthermore, Pokharel admitted that he had no basis to conclude that a Maoist who threatened him for extortion in Kathmandu in 2012 was motivated by Pokharel's political opinion, and thus his fear to that extent was not based on a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *see INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) ("The ordinary meaning of the phrase 'persecution on account of ... political opinion' . . . is persecution on account of the *victim's* political opinion, not the persecutor's.").

Nor did the agency err in determining that Pokharel failed to establish a pattern or practice of persecution of similarly situated individuals. The IJ acknowledged an affidavit from an alleged expert on Nepal, suggesting that seemingly stable

political conditions in Nepal were fragile and that Maoists would target those they had in the past if political conditions unraveled. But, as the IJ found, there was no record evidence indicating that Maoist violence remains a widespread problem or that Maoists continue to target Nepali Congress Party members. On this record, the agency did not err in determining that Pokharel failed to demonstrate "systemic or pervasive" persecution of similarly situated Nepali Congress Party members sufficient to demonstrate a pattern and practice of persecution in Nepal. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see also* 8 C.F.R. § 1208.13(b)(2)(iii); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern or practice claim).

Accordingly, because the agency reasonably found that Pokharel failed to demonstrate a well-founded fear of persecution on account of his political opinion, it did not err in denying asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

## II. Convention Against Torture

To receive CAT relief, an applicant must establish a likelihood of torture with government acquiescence. *See*

7

8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 168-69 (2d Cir. 2004). Unlike asylum and withholding of removal, CAT relief does not require a nexus to any protected ground. *See* 8 C.F.R. § 1208.16(c)(2).

We find no error in the agency's determination that Pokharel failed to demonstrate a likelihood of torture with the acquiescence of Nepali officials. *Id.; see also Khouzam*, 361 F.3d at 168-69. The record does not establish that Maoist violence and extortion continues to be a problem throughout Nepal, and Pokharel did not demonstrate that the Nepali government, which his party controlled at the time of his hearing, would acquiesce in his torture.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8